UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DARRIELLE FOSTER | *  | CIVIL ACTION |
| VERSUS | * | NO. 25-1914 |
| LYNROY CARTY | * | SECTION "G" (2) |

## ORDER AND REASONS

Pending before me is Intervenor/Defendant AmGuard Insurance Company's Motion to Compel.  ECF No. 8.  As of this date, no party has filed an Opposition Memorandum, and the deadline for same expired on Tuesday, January 20, 2026.  *See* E.D. La. L.R. 7.5.  No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Intervenor/Defendant's Motion to Compel is DENIED WITHOUT PREJUDICE for the reasons stated herein.

I.  **BACKGROUND**

Plaintiff filed suit in state court seeking damages arising from a motor vehicle accident.  ECF No. 2-1.  Intervenor/Defendant AmGuard Insurance Company removed the case to this Court on September 16, 2025.  ECF No. 2.

Intervenor/Defendant asserts that it issued discovery on November 11, 2025, and when responses were not received within thirty days, extended the deadline to January 2, 2026.  ECF No. 8.  Intervenor/Defendant asserts that it has not received any responses.  *Id.*  Although Intervenor/Defendant indicates that it served written discovery, Intervenor/Defendant does not indicate that the parties held their Rule 26(f) conference, as required by Rule 26(d).

1

Further, it appears that this matter is still in the early stages, with Plaintiff not yet having served Defendant Lynroy Carty. Indeed, on January 12, 2026, U.S. District Judge Nannette Jolivette Brown extended for sixty days the deadline within which to effect service. ECF Nos. 7, 9, 10. Further, the court has not yet held a scheduling conference. Therefore, there is no trial date or discovery deadline.

## II.    APPLICABLE LAW AND ANALYSIS

Although the Court has the authority to grant a motion as unopposed, it is not required to do so[1] and may properly consider the merits of even an unopposed motion.[2]

Rule 26(d)(1) of the Federal Rules of Civil Procedure precludes a party from seeking discovery until the parties have conferred as required by Rule 26(f), except when the case is exempt from initial disclosures or when authorized by the rules, by stipulation, or by court order. The requirement for a Rule 26(f) conference is not a mere technicality.[3] Only after an appearance and the required Rule 26(f) conference may discovery commence.[4] When the parties fail to hold a Rule 26(f) conference, the court may deem discovery to begin after the Rule 16 conference.[5]

Although Plaintiff has issued discovery, it provides no information regarding whether the parties have held their Rule 26(f) conference, which is required before discovery may commence. It does not state whether the parties held a Rule 26(f) conference, nor does it identify a date on which such conference was held. Of course, a Rule 26(f) conference should be held as soon as practicable and, in any event, at least 21 days before the Rule 16 Scheduling Conference. FED. R.

---

[1] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).
[2] *See Webb v. Morella*, 457 F. App'x 448, 452 n.4 (5th Cir. 2012) (citation omitted) (vacating dismissal with prejudice for failure to file opposition in accordance with Local Rules in the absence of a clear record of contumacious conduct or extreme delay and where the court failed to consider less severe sanctions).
[3] *See, e.g.*, *Chevron USA, Inc. v. Peuler*, No. 02-2982, 2003 WL 139164 (E.D. La. Jan. 15, 2003) (Barbier, J.); *Collier v. Shell Offshore, Inc.*, No. 14-2090, 2015 WL 13048735 (E.D. La. Mar. 17, 2015) (Roby, M.J.).
[4] *Collier,* 2015 WL 13048735 at *1.
[5] *Bo-Mac Contractors, Ltd. v. Daigle Towing Serv., L.L.C.*, No. 19-11792, 2020 WL 1812796, at *3 (E.D. La. Apr. 9, 2020) (citation omitted).

C$_{IV}$. P. 26(f)(1).  Likewise, the record does not reflect a Rule 16 Scheduling Order, presumably due to Plaintiff's difficulties in effecting service on Defendant Carty.

Without evidence of either the Rule 26(f) conference or a Rule 16 Scheduling Order, Rule 26(d)(1) generally precludes a party from seeking discovery.[6]  If the parties conducted their Rule 26(f) conference before issuance of Intervenor/Defendant's discovery requests, then Plaintiff's responses would be overdue.  In such case, Intervenor/Defendant may re-file its motion to compel and include that missing information.  In the event that the parties have not held their Rule 26(f) conference, the parties must do so.  In accordance with Rule 26(d)(2)(B), any prematurely served Requests for Production are deemed served as of the date of the Rule 26(f) conference but there is no similar provision applicable to Interrogatories or Requests for Admission.

## III.   CONCLUSION

At this early stage, and in the absence of any evidence that the parties held the required Rule 26(f) conference before issuance of discovery, the undersigned cannot determine whether a motion to compel is in order.  Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendant/Intervenor's Motion to Compel is DENIED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __28th__ day of January, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[6] A prematurely served Rule 34 request is considered served on the date of the Rule 26(f) conference.  F$_{ED}$. R. C$_{IV}$. P. 26(d)(2)(B).